# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## TOMMY EARL JONES v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Dickson County**
**No. 2011CR515     Robert E. Burch, Judge**

---

### No. M2011-02050-CCA-R3-PC - Filed March 27, 2012

---

The Petitioner, Tommy Earl Jones, appeals from the trial court's dismissal of his petition for post-conviction relief based upon its finding that the petition was filed after the expiration of the applicable statute of limitations. The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals. We find the State's motion has merit. Accordingly, the motion is granted and the judgment of the Circuit Court is affirmed pursuant to Rule 20, Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JERRY L. SMITH and JEFFREY S. BIVINS, JJ., joined.

Tommy Earl Jones, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

On July 28, 2010, pursuant to a plea agreement, the Petitioner pled guilty to aggravated assault and was sentenced to serve a three-year sentence. On August 30, 2011, the Petitioner executed a petition for post-conviction relief, claiming there was insufficient evidence to sustain his conviction. On September 6, 2011, the petition was filed in the Dickson County Circuit Court. On September 7, 2011, the trial court dismissed the petition for post-conviction relief, finding that the petition was untimely filed. The Petitioner now appeals this dismissal.

Tennessee Code Annotated section 40-30-102(a) provides that a petition for post-conviction relief must be filed within one year from final judgment. The Petitioner filed his petition beyond that time allowed by the statute, and none of the exceptions to this time limit apply in this case. *See*

Tenn. Code Ann. § 40-30-102(b) (2006).  Under the Post-Conviction Procedure Act, exceptions to the statute of limitations are set forth.  These exceptions include: (1) claims based upon a new rule of constitutional law applicable to a petitioner's case; (2) claims based upon new scientific evidence showing innocence; and (3) claims based upon sentences that were enhanced because of a previous conviction and the previous conviction was subsequently found to be illegal.  *See* T.C.A. § 40-30-102(b)(1)-(3) (2006).  The Petitioner has failed to assert any of these exceptions for tolling the statute.  He cites no new constitutional rule, refers to no new scientific evidence, and makes no claim that an earlier conviction has been overturned.  Thus, no grounds exist as an exception to the statute of limitations.

Accordingly, the State's motion is hereby granted.  The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
ROBERT W. WEDEMEYER, JUDGE